UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMINO PROPERTIES, LLC, a foreign limited liability company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INSURANCE COMPANY OF THE WEST, a California company, DOE INDIVIDUALS 1 through 100, inclusive; ROE ENTITIES 1 through 100, inclusive, BOE BONDING COMPANIES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:13-cv-02262-APG-CWH<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>(Dkt. ##74, 75, 76) |

　　　　The plaintiff has filed three motions in limine. (Dkt. ##74, 75, 76.) Per my Civil Standing Order No. 1, which is posted on my court webpage, counsel are required to "meet and confer in good faith prior to filing any motions in limine, and certify in the motion that a good faith conference occurred." None of the motions in limine contains this certificate.

　　　　IT IS THEREFORE ORDERED that the parties shall meet and confer about the substance of these (and any other contemplated) motions in limine. If agreements are reached on any motions, in whole or in part, the prophylactic goal of motions in limine may be obtained by incorporating the agreements into a stipulation and proposed order for me to consider. Should the parties not reach agreement, the plaintiff must file a certificate stating that counsel conferred in good faith to resolve the issues and confirming which motions (or portions thereof) remain in dispute. All future motions in limine must include the certificate that the parties have conferred in good faith. With regard to the pending motions (Dkt. ##74, 75, and 76), the certificate of

counsel is due before the defendant files its opposition, if any, to those motions. Failure to file the certificate of counsel will result in the denial of the motions in limine.

Dated: February 8, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE