UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMINO PROPERTIES, LLC, a foreign limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>INSURANCE COMPANY OF THE WEST, a California company, DOE INDIVIDUALS 1 through 100, inclusive; ROE ENTITIES 1 through 100, inclusive, BOE BONDING COMPANIES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 2:13-cv-02262-APG-CWH<br><br>**ORDER ON PLAINTIFF'S MOTION FOR FEES, COSTS, AND INTEREST**<br><br>(ECF No. 123) |

Plaintiff Camino Properties, LLC prevailed at trial and now seeks an award of attorneys' fees, costs, and prejudgment interest against defendant Insurance Company of the West. ECF No. 123. I grant Camino's motion in part.

**Attorneys' fees**

Camino asserts two bases for recovery of its attorneys' fees: (1) as consequential damages for ICW's breach of the performance bond at issue in this case, and (2) under Nevada Revised Statute §17.115 for ICW's rejection of Camino's offer of judgment.

    **A. Camino did not prove attorneys' fees as an element of consequential damages.**

Camino contends that it is entitled to recover its attorneys' fees as compensatory or consequential damages resulting from ICW's breach of the performance bonds. ECF No. 123 at 6:1-2.

> [W]hen a party claims it has incurred attorney fees as foreseeable damages arising from tortious conduct or a breach of contract, such fees are considered special damages. They must be pleaded as special damages in the complaint pursuant to NRCP 9(g) and proved

by competent evidence just as any other element of damages. The mention of attorney fees in a complaint's general prayer for relief is insufficient to meet this requirement. *Sandy Valley Associates v. Sky Ranch Estates Owners Ass'n*, 117 Nev. 948, 956–57, 35 P.3d 964, 969 (2001). Camino offered no evidence at trial about the attorneys' fees and costs it incurred. Rather, it presents that information as part of its motion. The Supreme Court of Nevada has recognized this as an indication that the fees are being sought as a cost of litigation, rather than as an element of damages. *Id.* at 956, 35 P.3d at 969 ("Procedurally, when parties seek attorney fees as a cost of litigation, documentary evidence of the fees is presented to the trial court, generally in a post-trial motion."). Because Camino presented no evidence of its fees and costs at trial, it is not entitled to recover those amounts as compensatory or consequential damages.

**B. Nev. Rev. Stat. §17.115 allows Camino to recover attorneys' fees.**

Camino commenced this case in state court on November 20, 2013. ECF No. 1-1 at 3. On October 3, 2014, Camino sent to ICW an offer of judgment stating that it would accept $615,000 in settlement. ECF No. 123-2. ICW rejected the offer and the case continued to trial. Camino eventually obtained a judgment in the amount of $618,249.50. ECF No. 121.[1] Camino contends that it is entitled to recover its attorneys' fees because ICW did not obtain a judgment more favorable than the offer of judgment that Camino served on ICW.

Attorneys' fees are recoverable only if there is a rule, statute, or contract that authorizes such an award. *See MRO Communications, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir.1999). Camino relies on Nevada's former offer of judgment statute,[2] which provided:

> [I]f a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court:

---

[1] The judgment was later amended to add $140,718.18 for prejudgment interest. ECF No. 136.

[2] That statute (Nev. Rev. Stat. §17.115) was repealed by the Nevada Legislature in 2015. But because it was in existence at the time Camino made its offer of judgment, I can consider it.

...

    (c) Shall order the party to pay the taxable costs incurred by the party who made the offer; and

    (d) May order the party to pay to the party who made the offer any or all of the following:

        (1) A reasonable sum to cover any costs incurred by the party who made the offer for each expert witness whose services were reasonably necessary to prepare for and conduct the trial of the case.

        (2) Any applicable interest on the judgment for the period from the date of service of the offer to the date of entry of the judgment.

        (3) Reasonable attorney's fees incurred by the party who made the offer for the period from the date of service of the offer to the date of entry of the judgment....

Nev. Rev. Stat. §17.115

"In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975) (citations omitted).  Nevada's offer of judgment statute at the time of Camino's offer reflected a substantial policy of Nevada to encourage settlement and award fees as a result of a rejected offer of judgment.  ICW contends that Nev. Rev. Stat. §17.115 conflicts with Federal Rule of Civil Procedure 68 and therefore cannot support an award of fees.  ICW argues that "whether Nevada Revised Statute §17.115 conflicts with Rule 68 depends on whether the judgment in the particular action was for the defendant or the plaintiff." ECF No. 127 at 7:9-10.  This is only partially correct.  The Supreme Court ruled long ago that Rule 68 applies only where an offer is made by the defendant and a judgment is obtained by the plaintiff:

    Rule 68 prescribes certain consequences for formal settlement offers made by "a party defending against a claim."  The Rule has no application to offers made by the plaintiff.  The Rule applies to settlement offers made by the defendant . . . .

> In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff.

*Delta Air Lines, Inc. v. Aug.*, 450 U.S. 346, 350, 352 (1981).[3]  Because plaintiff Camino made the offer of judgment in this case, Rule 68 does not apply.  Thus, there is no conflict between state and federal laws and the Nevada statute controls. *Alyeska*, 421 U.S. at 259 n.31.  Accordingly, under §17.115, Camino may recover reasonable attorney's fees incurred after its offer, subject to the factors set forth in *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).

In determining the fees to award, I must consider four factors: (1) whether ICW's claims and defenses were litigated in good faith; (2) whether Camino's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether ICW's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by Camino are reasonable and justified in amount. *Beattie*, 668 P.2d at 274; *Yamaha Motor Co. v. Arnoult*, 955 P.2d 661, 673 (Nev. 1998).  No one factor is controlling, and fees may be awarded even if the defendant's defenses were litigated in good faith and it was reasonable to reject the offer. *RTTC Comm., LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 29-30 (Nev. 2005).

ICW's defenses were litigated in good faith and its rejection of Camino's offer was not unreasonable.  The primary legal issue in this case—whether the City of North Las Vegas could assign its rights under a performance bond—was undecided under Nevada law and ICW believed that California law would apply. ECF No. 60 at 8, n 27.  ICW contends that Camino's offer of

---

[3] This explains the differing results among the cases cited by the parties. *Compare MRO Comm. Inc. v. AT&T Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999) (Rule 68 inapplicable because defendant obtained the judgment) *with Walsh v. Kelly*, 203 F.R.D. 597, 599 (D.Nev. 2001) (Rule 68 applied because plaintiff obtained a judgment that was less than defendant's offer).  I disagree with the analysis and conclusion reached in *Kravitz, Schnitzer, Sloane & Johnson, Chtd. v. ASTA Funding, Inc.*, 2:10-cv-486 (D.Nev. Oct. 28, 2011).

judgment represented only a three percent discount from the amount demanded in its complaint.[4] Camino strongly believed it would prevail, and thus it did not significantly discount its offer of judgment. While the parties naturally disagreed on the strength of their respective positions, ICW cites to no authority holding that an offer is unreasonable unless it is discounted significantly below the offeror's belief in the merits of its case. Camino's offer came over 10 months after the case had been filed, and 17 months after Camino's first demand on ICW. ECF No. 120 at 6 ¶35. The parties had ample opportunity to investigate the legal and factual bases for ICW's claims, and to conduct discovery. Camino's offer was reasonable in time and amount.

The fees sought by Camino are reasonable and justified. I have considered the factors set forth in *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349-350, 455 P. 2d 31, 33 (1969)[5] and in Local Rule 54-14(b). Camino's lawyers are skilled professionals with significant experience. Messrs. Ludwig and Walters have earned excellent reputations in the Las Vegas legal community. The primary legal issue presented in this case (whether a municipality may assign its rights under a public works performance bond) was novel in Nevada and the factual issues required significant attention to detail (e.g., tracing work, billings, and payments through various authorizations). My review of Camino's legal bills confirms that the rates charged and the time spent on the various tasks were reasonable and appropriate. And the result confirms the lawyers' efforts as Camino was awarded the entirety of the damages it sought in the lawsuit.

---

[4] This percentage is somewhat misleading as Camino's offer also included foregoing both interest on what it was owed and the attorneys' fees and costs it had incurred up to that point.

[5] Those factors are "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived." 455 P. 2d at 33 (citation omitted).

Camino incurred a significant amount of attorneys' fees to recover the money ICW owed it. It would be unfair to force Camino to bear all of those fees, thereby reducing its ultimate recovery, when it would not have incurred most of them if ICW had accepted Camino's offer of judgment. I therefore award Camino $327,360.00[6], for the fees it incurred after the date of service of its offer of judgment. Nev. Rev. Stat. §17.115.

**Costs**

The clerk of court has taxed costs in the amount of $17,139.35. ECF No. 140 at 2:23. The only requested costs that were not taxed are $5,600 for expert fees and $5,329.50 for legal research fees. *Id.* at 2:14-22. Camino contends these are recoverable under Nevada Revised Statute §17.115(d)(1). ICW responds that such costs are not allowed under 28 U.S.C. §1920.

"Because reimbursement of expert witnesses fees is an issue of trial procedure, federal law" governs Camino's request for expert fees. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). Expert fees are not taxable under 28 U.S.C. §1920 and I decline to award them here. *See also* Local Rule 54-11(h) (expert witness fees are not ordinarily allowed). Similarly, legal research costs are not taxable under either 28 U.S.C. §1920 or Nevada Revised Statute §17.115(d)(1). Therefore, I decline to award those as well. Thus, other than the costs previously taxed by the clerk of court, no additional costs are awarded to Camino.

**Prejudgment interest**

Camino's motion seeks prejudgment interest on the amount of its judgment. I previously awarded prejudgment interest in the amount of $140,718.18. ECF No. 135. Thus, that portion of Camino's motion is now moot.

---

[6] This amount was calculated by adding $217,937.50 (fees from October 3, 2014 through February 29, 2016) and $109,422.50 (fees incurred in March 2016). *See* ECF No. 123 at 15 *and* ECF No. 134 at 22.

Camino also seeks prejudgment interest on its award of attorneys' fees and costs. ICW has not opposed that request. "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Local Rule 7-2(d). Moreover, good cause supports granting the motion.

"Under NRS 99.040(1), after prejudgment interest is determined at the rate in effect on the date when the contract was signed, that rate is then applied to attorney fees and expenses from the date when those obligations came due." *Kerala Properties, Inc. v. Familian*, 137 P.3d 1146, 1149 (2006). Thus, Camino is entitled to prejudgment interest on its fees and costs from the time they were incurred. However, Camino's motion calculates interest on all of its fees and costs as if they were due on June 18, 2013. ECF No. 123 at 22-23. While that is the date ICW's obligations under the bond became due, Camino's fees and costs had not yet been incurred and thus were not yet ascertainable by mathematical calculation. Camino is entitled to recover prejudgment interest at the rate set forth in Nevada Revised Statute §99.040 from the dates its fees and costs were incurred. Camino may file a supplement calculating the prejudgment interest from the month each such fee and cost was billed by its law firm. ICW may file an objection to that calculation within 14 days thereafter, but the objection is limited to Camino's method of calculation (i.e., the interest rate and dates used).

**Conclusion**

IT IS HEREBY ORDERED that Camino's motion for fees, costs, and interest **(ECF No. 123) is GRANTED IN PART.** Camino is awarded attorneys' fees in the amount of $327,360.00. Camino is not awarded any additional costs. Camino is awarded prejudgment interest on its attorneys' fees and costs, at the rate set forth in Nevada Revised Statute §99.040, from the dates those expenses were incurred. On or before January 24, 2017, Camino may file a supplement to its motion calculating the prejudgment interest from the month each such attorneys' fee and cost

was billed by its law firm.  ICW may file an objection to that calculation within 14 days thereafter.

Dated:  January 3, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE